## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**DIVINE SOLUTION et al.**                                                                                        **PLAINTIFFS**

**v.**                          **CIVIL ACTION NO. 3:09CV-788-H**

**COKE MACHINE et al.**                                    **DEFENDANTS**

### MEMORANDUM OPINION

Michael Jason Profitt filed a *pro se* complaint on his own behalf[1] and on behalf of Divine Solution. In the complaint, Profitt names the following as Defendants: Coke Machine, Malaria, Pox Water Companies, Fridgerator Filters, and World Wide Federal Laws. As the grounds for filing suit, he advises, "Because of Pox Disease Malaria; No cash at Coke Machine; [illegible] only it contaminates the soda." Profitt filled out no other portion of the complaint, other than providing his address.

Upon consideration, the instant action must be dismissed. Under Federal Rule of Civil Procedure 8(a), a complaint must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

As to subsection (1), Profitt fails to state the grounds for this Court's jurisdiction. Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of

---

[1] Profitt neither signed the complaint nor listed himself anywhere in the complaint. However, along with the complaint, Profitt submitted an application to proceed without prepayment of fees which he has signed and wherein he lists himself in the caption. He also lists himself in the caption of the submitted summons. The Court, therefore, concludes that Profitt also intends to be a plaintiff in this action.

the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Profitt references no federal law upon which this Court has federal-question jurisdiction under 28 U.S.C. § 1331, and he fails to demonstrate the requisite diversity of citizenship and amount in controversy so as to establish jurisdiction under the diversity statute, 28 U.S.C. § 1332.

In consideration of subsection (2), the Court concludes that Profitt wholly fails to provide a statement of claim showing entitlement to any relief. The complaint form is barely filled out, the portions that are filled out are mostly illegible, and there is no clear and concise statement of any claim. Finally, with respect to subsection (3), Profitt fails to demand any relief. The complaint, therefore, fails to meet Rule 8(a)'s notice-pleading requirements.

Additionally, Profitt cannot represent Divine Solution. It is well settled that corporations, partnerships, and associations cannot appear in federal court except through a licensed attorney, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993); *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984), and it is insufficient that the person attempting to represent a business entity is an officer or principal stockholder in that entity. *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970).

For these reasons, the complaint must be dismissed.

A separate order of dismissal will be entered.

Date:

cc: Plaintiff, *pro se*
4412.005